447 P.2d 576

George R. OGONOWSKI, Appellant,

v.

BANKERS LEASING CORPORATION, a corporation, Appellee.

No. 2 CA–CIV 506.

Court of Appeals of Arizona.

Dec. 6, 1968.

Hirsch & Pakula, by Arthur L. Hirsch, Tucson, for appellant.

Silverstone & Stern, by Maurice M. Stern, Tucson, for appellee.

MOLLOY, Judge.

The plaintiff-appellee, Bankers Leasing Corporation, brought this action to recover the balance due under a lease agreement pursuant to which the appellant, Ogonowski, leased a water-softening unit from appellee and agreed to make 36 monthly payments to appellee in the amount of $27.20 per month, or a total of $979.20. The case was tried to a court, sitting without a jury, and judgment was rendered for appellee in the amount of $598.40, the remaining balance due, plus attorney's fees and costs.

Defendant's primary contention on appeal is that the court erred in receiving the written lease into evidence, and that, in the absence of the lease, plaintiff failed to carry its burden of proof.

A copy of the lease (or equipment rental contract) was attached to plaintiff's complaint. There was no pretrial order delineating the issues. Though there is a general denial in the answer broad enough to cover the allegation that the attached lease constituted the contract between the parties, in his answer defendant acknowledged that there was a lease agreement. In paragraph I of his answer, defendant " * * * admits that defendant leased equipment from the plaintiff * * *." In paragraph II, defendant " * * * admits that said lease provides for additional late charges and interest * * *." (The attached lease had such provisions.) In paragraph V, defendant " * * * alleges a failure of consideration for the execution of the lease contract, which is the basis of plaintiff's complaint." Nowhere, in the answer, is it alleged that the copy of the lease attached to plaintiff's complaint was not a true copy of the lease agreement between the parties.

Appellant also answered interrogatories propounded by appellee. One interrogatory, No. 9, asked: "Please examine the equipment rental contract attached to the complaint * * *. Is the agreement genuine and in all respects what it purports to be?" Appellant's sworn answer to the interrogatory was "Yes."

At the trial, appellant was called by appellee's counsel for cross-examination. He was shown the lease agreement, and he testified that his signature appeared theron. He also admitted signing a "NOTICE OF SATISFACTORY DELIVERY and/or INSTALLATION," which contained the following statement:

"The undersigned Lessee herewith agrees that the equipment as described in the Equipment Lease *executed* the 12th day of August A. D. 1964, by and between Bankers Leasing Corporation as Lessor and Ogonowski Car Wash George R. Ogonowski, as Lessee, has been installed and/or delivered to the satisfaction of Lessee." (Emphasis added)

The subject lease was dated August 12, 1964. The defendant further admitted making a number of monthly payments, totaling $380.80, to appellee pursuant to the terms of this lease.

■ Notwithstanding the foregoing, it is argued tht the trial judge should have excluded the lease from evidence. It is asserted that the lease was by its terms not to be effective until executed by the appellee. The lease, however, which is regular upon its face, does show an execution purportedly on behalf of the appellee. Generally, written contracts, which are regular on their face, are presumed to have been properly and validly executed. 29 Am.Jur.2d Evidence § 247. In the final analysis, there is always a modicum of discretion in determining whether there has been a sufficient foundation for any exhibit. Throop v. F. E. Young and Company, 94 Ariz. 146, 155, 382 P.2d 560 (1963). We find no abuse of such discretion here.

■ Appellant also argues that, since the lease was, by its terms, to be construed in

accordance with the laws of the State of Texas, it was incumbent upon appellee to cite to the trial court some Texas statute or case authority to the effect that nonpayment constituted a breach of the lease for which appellee could have damages. Appellant admitted that nonpayment would be such a breach under Arizona law. Paragraph 21, of the lease, provides that:

"If lessee fails to pay any rent * * * lessor shall have the right * * * to sue for and recover all rents and other amounts then due or thereafter accruing under this lease * * *."

Thus, the agreement itself gives appellee the explicit right to sue, which it has exercised. Under these circumstances, we see no need for citation of Texas authority.

Judgment affirmed.

HATHAWAY, C. J., and KRUCKER, J., concur.